IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>    Plaintiff,<br><br>    v.<br><br>PADGETT,<br><br>    Defendant. | No.  2:19-CV-1926-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion, ECF No. 37, for injunctive relief.

   The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In his motion, Plaintiff asserts that prison officials at the California Health Care Facility have "suddenly stopped providing legal services for some or all prisoners." ECF No. 27, pg. 1.  Specifically, Plaintiff states that he is no longer being provided paper, envelopes, or copying services.  See id. at 2.  Plaintiff seeks an order directing Acting Warden Robert Burton to provide "legal services." Id.  The Court finds that injunctive relief is not warranted for two reasons.  First, Acting Warden Robert Burton is not a party to this litigation.  See Zenith Radio, 395 U.S. at 112.  Second, Plaintiff has not demonstrated how he is likely to suffer irreparable harm in the absence of the requested order.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 37, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 30, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE